SHANE BROTHERS AND WILSON COMPANY v. BARRETT.

[No. 9,999. Filed November 7, 1919.]

1. TRIAL.—*Direction of Verdict.—Sales.—Contract.—Action for Breach.—Failure to Establish Contract.*—In an action for the breach of an alleged contract of sale, where, under the evidence no contract of sale had been entered into between the parties, a verdict for the defendant was properly directed. p. 332.

2. APPEAL.—*Evidence.—Exclusion.—Harmless Error.—Contracts.*—Where a verdict was properly directed in an action for breach of contract, on the ground that the evidence showed that no such contract had been entered into, errors, if any, against the plaintiff, in excluding offered testimony, became harmless. p. 332.

3. SALES.—*Contract.—Correspondence.—Meeting of Minds.—Acceptance Deviating from Offer.*—No contract was formed by an order of goods to be delivered prior to June 1 "as ordered out by me," accepted "for scattered shipment February to May, inclusive," for want of meeting of the minds of the parties, since the order called for delivery when ordered out and in quantities ordered out by its maker prior to June 1, while the acceptance intended that a certain amount should be shipped out each month. p 332.

From St. Joseph Superior Court; *George Ford,* Judge.

Action by Shane Brothers and Wilson Company against John C. Barrett. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Slick & Slick,* for appellant.

*Anderson, Parker, Crabill & Crumpacker,* for appellee.

ENLOE, J.—This was an action by appellant wherein it sought to recover damages against appellee for the breach of an alleged contract for the purchase of certain flour and mill feed by the appellee from the appellant.

The complaint was in three paragraphs, to which the defendant answered, first, in general denial; and

in two paragraphs of counterclaim. Reply in general denial closed the issues, which were submitted to a jury for determination. At the conclusion of appellant's evidence, the court instructed the jury to return a verdict for the appellee, which was done, and judgment duly rendered thereon. To the action of the court in thus instructing the jury the appellant excepted. It then filed its motion for a new trial, which being overruled, it prosecutes this appeal. The error relied upon is the action of the court in overruling its motion for a new trial.

The first and second assigned causes for a new trial challenge the action of the court in giving to the jury the said peremptory instruction; the third and fourth reasons relate to the exclusion of evidence.

1-3. Upon the record as it comes to us, the first question for our determination is: Was there any such contract of sale entered into by and between the parties as that herein sued upon and contended for by appellant? If there was no such contract, then the court did right in directing a verdict for appellee, and errors, if any, in excluding the offered testimony, become harmless.

The alleged contract sued upon consisted of the following correspondence, viz.:

"Telegram.

"9th RN. 75 Collect Blue.    South Bend, Ind., 3:35 P. M., Jan. 17th.

"F. A. Lonergan, Statler Hotel, Cleveland, O.

"I hereby confirm order given you Twenty-five Hundred Barrels King Midas Family Flour Six Thirty Five Eights cotton quarters cotton

or Halves Cotton my option delivered here prior June first as ordered out by me also one Hundred Seventy-five Tons Feed with privilege of taking Bran at Twenty Two Standard Middlings Twenty Two Red Dog Flour Twenty Nine and Flour Middlings Twenty Six all prices delivered here same delivery feed as flour.

6:12 P. M.                        J. C. Barrett.''

To which the appellant, by letter, answered as follows, viz.:

"Shane Bros. & Wilson Co., Millers,
      Minneapolis, Minn., January 22nd, 1919.
"Mr. J. C. Barrett, South Bend, Ind.
"Dear Sir:

"Confirming your order given our Mr. F. A. Lonergan, we have booked you 2,500 barrels of King Midas flour at $6.35 bbl. in either halves, quarters or eights cotton. 175 tons of Mill Feed which is to be taken out in assortment to be furnished by you when cars are ordered forward at following prices:

"Clover Leaf Bran at $22.00 per ton.

"Standard Middlings at $22.00 per ton.

"Snow Ball Flr. Midds at $26.00 per ton.

"Red Dog Flour at $29.00 per ton.

"All in 100 lb. sacks; both flour and feed f. o. b. South Bend, for scattered shipment, February to May inclusive.

"All shipments will be routed to arrive at South Bend over the Michigan Central, and Arrival Draft terms applied. Our draft will be drawn payable thru the American Trust Co. of South Bend.

"Thanking you for this order and assuring you that it will have our very best attention in every detail, we remain.

"Yours very truly,

"Shane Bros. & Wilson Co.

"PMM:ES                    P. M. Marshall."

It will be noted that, in the telegram sent by the appellee ordering the flour, the language concerning delivery of same was, "*as ordered out by me*," while in the letter, which it is contended by appellant was an acceptance of this order, the expression, relating to delivery was, "*for scattered shipment, February to May inclusive.*"

The expression, "as ordered out by me," is not a technical one; it is plain, simple English. The word "*as*," as used in the above expression, is a relative adverb and carries with it the ideas or elements of both time and quantity (Century Dictionary), so that the full force of the expression above used may be had, if written at length as follows, "When ordered out by me and in quantities ordered out by me prior to June 1st." Plainly, the appellee reserved to himself the right to give the order, both as to time of shipment, and as to quantity of shipment, the only restriction being the time limit—June 1.

The language of the alleged acceptance was "for scattered shipment, February to May inclusive." The expression "scattered shipment," does not seem to have any recognized legal meaning. A search of legal authorities and of dictionaries fails to disclose any such expression as being recognized as having a definite meaning. If it is a "trade term" used by shippers of the present day, its recognized meaning

is not as yet generally known, and we find no evidence in the record that said expression has any definite meaning, and we therefore must give to it the meaning given to it by the writer, if such meaning is discoverable from the record.

In appellant's letter to appellee under date of February 16, 1916, it says: "Your contract with us is for scattered shipment, February to May, inclusive, and at least two cars each of the flour and feed should go out monthly, so please let us have directions for that part of your contract *that is due to go out in February.*" (Our italics.)

This clearly discloses that the minds of the parties never met. The alleged acceptance was not in and of the terms of the offer made by appellee, and there was no contract entered into between the parties. *Corydon Milling Co.* v. *Noblesville Milling Co.* (1919), 69 Ind. App. 491, 122 N. E. 362.

It follows that the court did not err in directing a verdict, and the judgment is therefore affirmed.